KING, Circuit Judge,
specially concurring:
I agree with Judge Garza’s conclusion that the court should deny CGT’s petition for review and enforce the Board’s order. As the Board points out, it is entitled to summary enforcement of its unfair labor practice findings directly involving the No-gales drivers because CGT does not specifically challenge any of those findings. As for the Board’s findings that CGT committed unfair labor practices against its El Paso-based drivers, CGT’s sole defense is that CGT’s threats to, and discharges of, the El Paso-based drivers occurred in Mexico. But the Board found that CGT actually discharged the nine El Paso-based drivers in the United States, a finding that is supported by substantial evidence.
The Board’s order to CGT to bargain with the Union as the representative of its Nogales drivers is justified not only for the reasons well set out in Judge Garza’s opinion but also because the Board was entitled to rely in part on CGT’s unfair labor practices against the El Paso drivers. The Nogales drivers were aware that CGT had fired the El Paso strikers because CGT’s dispatcher told them that. More important, the fact that CGT unlawfully retaliated against the El Paso drivers when they .sought to exercise their Section 7 rights makes it clear that CGT’s unlawful response to the Nogales drivers’ organizing efforts was standard operating procedure for CGT, not simply an isolated occurrence.
CGT’s violations of the Act were, indeed, “hallmark” violations, and the Gissel bargaining order was amply justified.